UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CODY LEAVITT,<br><br>         Petitioner,<br><br>    v.<br><br>DWIGHT NEVEN, et al.,<br><br>         Respondents. | Case No. 2:12-cv-00625-MMD-RJJ<br><br>ORDER |

This action involves a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the Court is petitioner's Motion for Reconsideration of Appointment of Counsel (dkt. no. 8), Motion for Bail Pending Collateral Review (dkt. no. 9), and Motion for Appointment of Next Friend (dkt. no. 12). The Court will also address respondents' Motion for Extension of Time to File Response to Petition (dkt. no. 14).

Petitioner has at least one other active habeas action proceeding in this Court, 2:12-cv-00987-JCM-CWH.[1] That petition attacks a conviction in Nevada's Eighth Judicial District Court – case number 57195. The current petition attacks petitioner's state court conviction in another Eighth Judicial District Court action – case number 57196. Many of the arguments presented in petitioner's pending motions address both cases.

---

[1] Petitioner has also commenced a third action, 2:12-cv-00838-MMD-RJJ. However, there is no petition currently on file in that action and petitioner is subject to an order to show cause why the action should not be dismissed.

1. <u>Motion for Reconsideration of Appointment of Counsel</u>

Petitioner moves for reconsideration of the appointment of counsel based upon his assertion that he will have three separate habeas petitions pending before the court, that two of them involve plea bargains with complicated issues including *Brady* issues and prosecutorial misconduct, and claims of abuse of discretion by the trial court. Petitioner argues the cases will require discovery and a full evidentiary hearing.

Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert.* denied 512 U.S. 1236 (1994). Reconsideration under Rule 59(c) is not appropriate because petitioner did not file his motion within the ten day timeline. Fed. R. Civ. P. 59(c) ("motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment.") Under Fed. R. Civ. P. 60(b), the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds 828 F.2d 514 (9th Cir. 1987).

As petitioner was previously informed (dkt. no. 6), there is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. See *Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).

Upon reconsideration, the Court finds that the issues presented may be sufficiently complex so as to warrant appointment of counsel. While petitioner acknowledges that he does not need counsel to draft his petitions, which he asserts have been fully and completely drafted, his subsequent motions, including his Motion for Bail Pending Collateral Review and Motion for Appointment of Next Friend, suggest that the issues may, indeed, be complex and discovery and an evidentiary hearing may ultimately arise in this action.

Based on the Court's clearer understanding of the issues presented and the potential complexity of the case, the motion for reconsideration shall be granted and counsel shall be appointed to assist petitioner with this action.[2]

2. <u>Motion for Bail Pending Collateral Review</u>

Petitioner seeks bail pending collateral review, relying exclusively on Nevada law to support the motion. Bail pending a decision in a habeas case is reserved for extraordinary cases involving special circumstances or a high probability of success.

---

[2] The Court takes judicial notice of its own docket and notes that petitioner has moved for counsel in the companion action, case number 2:12-cv-0987-JCM-CWH. It would conserve judicial resources to arrange for the same counsel to assist petitioner in both of his other cases. The Clerk shall, therefore, be directed to facilitate this assignment, if possible.

*See Aronson v. May*, 85 S.Ct. 3, 5, 13 L.Ed.2d 6 (1964); *Galante v. Warden*, 573 F.2d 707, 708 (2d Cir.1977).  Petitioner has not demonstrated that he is entitled to release under this standard and this motion shall be denied.

### 3. Motion for Appointment of Next Friend

Finally, petitioner moves for appointment of a next friend to advocate for him before this Court. Congress has authorized the use of "next friend" by permitting a petition for writ of habeas corpus to be "signed and verified by a person for whose relief it is sought or by someone acting in his behalf."  *See* 28 U.S.C. § 2242.  However, the appointment of a next friend is not automatic and decisions addressing a request for such an appointment have required at least two prerequisites for next friend status.

> First, a "next friend" must provide an adequate explanation— such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action. *Wilson v. Lane*, 870 F.2d 1250, 1253 (7th Cir. 1989), cert. pending, No. 89-81; *Smith ex rel. Missouri Public Defender Comm'n v. Armontrout*, 812 F.2d 1050, 1053 (8th Cir.), cert. denied, 483 U.S. 1033, 107 S.Ct. 3277 (1987); *Weber v. Garza*, 570 F.2d 511, 513-514 (5th Cir. 1978). Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, *see, e.g., Morris v. United States*, 399 F.Supp. 720, 722 (ED Va.1975), and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest. *Davis v. Austin*, 492 F.Supp. 273, 275-276 (ND Ga.1980) (minister and first cousin of prisoner denied "next friend" standing).

*Whitmore v. Arkansas,* 495 U.S. 149, 163-164, 110 S.Ct. 1717 (1990).

Petitioner has not satisfied the first requirement. While petitioner may be able to demonstrate that his candidate for next friend, his mother, is truly dedicated to his best interests, he has not demonstrated that he, particularly with the assistance of counsel, is unable to appear on his own behalf to prosecute this action.  With the appointment of counsel, petitioner's interests shall be safeguarded.  The motion shall be denied.

**IT IS THEREFORE ORDERED** that petitioner's Motion for Reconsideration of Appointment of Counsel (dkt. no. 8) is **GRANTED**.  The Federal Public Defender is appointed to represent petitioner.  To the extent that it is possible, the counsel who is appointed to represent petitioner in case number 2:12-cv-00987-JCM-CWH shall serve as counsel in this action.

4

**IT IS FURTHER ORDERED** that the Clerk shall **ELECTRONICALLY SERVE** the Federal Public Defender for the District of Nevada (FPD) a copy of this Order, together with a copy of the petition for writ of habeas corpus and its attachments (dkt. no. 1). The FPD shall have thirty (30) days from the date of entry of this order to file a notice of appearance or to indicate to the court its inability to represent petitioner in these proceedings.

**IT IS FURTHER ORDERED** that, after counsel has appeared for petitioner in this case, the court will issue a scheduling order, which will, among other things, set a deadline for the filing of a first amended petition. Respondents' motion for enlargement of time (dkt. no. 14 ) is **DENIED AS MOOT.** No response shall be required until further order of the Court.

**IT IS FURTHER ORDERED** that the motion for Bail Pending Collateral Review (dkt. no. 9) and the Motion for Appointment of Next Friend (dkt. no. 12) are **DENIED.**

DATED THIS 10th day of July 2012.

UNITED STATES DISTRICT JUDGE