UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CODY LEAVITT,<br><br>                Petitioner,<br><br>   v.<br><br>DWIGHT NEVEN, et al.,<br><br>                Respondents. | Case No. 2:12-cv-00625-MMD-RJJ<br><br>SCHEDULING ORDER AFTER APPOINTMENT OF COUNSEL |

The Court previously appointed the CJA Counsel, Todd M. Leventhal, Esq. to represent the petitioner (dkt. no. 31). After the entry of this order petitioner filed a motion for evidentiary hearing and discovery (dkt. no. 19), a motion for reconsideration of bail pending appeal (dkt. no. 21), a motion for reconsideration of appointment of next friend (dkt. no. 22), and a motion for clarification (dkt. no. 25). These motions are all denied without prejudice to permit counsel to review the matter, confer with his client and determine whether to bring these motions at that time.

Counsel must enter an appearance on petitioner's behalf. Respondents have appeared through counsel, Karen A. Whelan, Deputy Attorney General. Her contact information is 100 North Carson Street, Carson City, Nevada, 89701, 775-684-1100.

Petitioner and his counsel should pay very close attention to the effect of the one-year statute of limitations applicable to federal habeas corpus petitions pursuant to 28 U.S.C. §2244(d)(1) (part of the Antiterrorism and Effective Death Penalty Act (AEDPA)). In addition, petitioner and his counsel should be aware of the holdings in

*Duncan v. Walker,* 533 U.S. 167 (2001)*,* and *Fail v. Hubbard*, 315 F.3d 1059 (9th Cir. 2002). The practical effect of *Duncan* and *Fail* is that the one-year limitations period applicable to all federal habeas corpus petitions will generally not be tolled during the pendency of a federal habeas corpus petition. This means that any subsequent habeas corpus petition filed in this court – for example, a petition filed after returning to state court to exhaust any unexhausted claims – may be untimely under the applicable statute of limitations, and the time during which this habeas corpus case is pending will not toll or otherwise excuse compliance with that statute.

It is appropriate at this time for the Court to enter orders regarding scheduling in this case.

IT IS THEREFORE ORDERED that counsel for petitioner shall enter an appearance with the Court and shall contact petitioner as soon as reasonably possible to: (a) review the procedures applicable in cases under 28 U.S.C. §2254; (b) discuss and explore with petitioner, as fully as possible, the potential grounds for habeas corpus relief in petitioner's case; and (c) advise petitioner that all possible grounds for habeas corpus relief must be raised at this time in this case, and that the failure to do so will likely result in the omitted grounds being barred from future review under the rules regarding abuse of the writ.

IT IS FURTHER ORDERED that counsel for petitioner and counsel for respondents shall within forty-five (45) days file a joint statement describing what portions of petitioner's state court record have been obtained and what portions are missing. Counsel for respondents should make available to counsel for petitioner (photocopying costs at the latter's expense), as soon as reasonably possible, a copy of whatever portions of the state court record they possess regarding the judgment petitioner is challenging herein.

IT IS FURTHER ORDERED that counsel for petitioner shall file an amended petition for writ of habeas corpus within ninety (90) days, which shall include all known grounds for relief (both exhausted and unexhausted). Respondent shall have thirty (30)

days after the filing of the amended petitioner within which to answer, or otherwise respond to, the amended petition.

IT IS FURTHER ORDERED that all pending motions (dkt. nos. 19, 21, 22, and 25) are denied without prejudice.

DATED THIS 22nd day of August 2012.

_____
UNITED STATES DISTRICT JUDGE