UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CODY LEAVITT,<br><br>                      Petitioner,<br>    v.<br><br>NEVEN, *et al.,*<br><br>                      Respondents. | Case No. 2:12-cv-00625-MMD-NJK<br><br>ORDER |

This action is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner represented by counsel. This matter comes before the Court on respondents' motion to dismiss the amended petition. (Dkt. no. 55.)

**I.   PROCEDURAL HISTORY**

On January 4, 2007, petitioner was charged with battery with the use of a deadly weapon. (Exh. A.)[1] On February 26, 2011, petitioner was charged by amended complaint with battery with the use of a deadly weapon resulting in substantial bodily harm. (*Id.*) On October 8, 2008, petitioner unconditionally waived his preliminary hearing and was bound over the state district court. (*Id.*)

On October 17, 2008, under Case No. C248756, petitioner was charged in the Eighth Judicial District Court for the State of Nevada, by way of information, with battery with the use of a deadly weapon resulting in substantially bodily harm. (Exh. B.) On

---

[1]The exhibits referenced in this order are found in the Court's record at dkt. nos. 51 & 56.

October 28, 2008, petitioner signed a plea agreement, pleading guilty to battery with the use of a weapon resulting in substantial bodily harm in Case No. C248756. (Exh. D.) Also in the plea agreement, petitioner agreed that he would plead guilty to child abuse and neglect with substantial bodily harm in a related Eighth Judicial District criminal case, Case No. C233866. (*Id.*) In the plea agreement, petitioner agreed that the State could argue as to sentence but the State would not oppose the sentence running concurrent to that in Case No. C233866. (*Id.*) The plea agreement contained the terms of the agreement, the consequences of entering into the agreement, the rights that petitioner would be waiving, a declaration of voluntariness and the possibility of restitution. (*Id.*) On January 15, 2009, petitioner was sentenced to a maximum of 120 months imprisonment with a minimum parole eligibility of 48 months, to run concurrent with his sentence in Case No. C233866. (Exhs. E & F.)

On January 8, 2010, petitioner filed a counseled post-conviction petition for writ of habeas corpus in the state district court. (Exh. G.) On January 15, 2010, petitioner filed a counseled motion to withdraw his guilty plea and request for a hearing. (Exh. H.) On July 1, 2010, the state district court ordered that an evidentiary hearing would be held. (Exh. N.) On August 20, 2010, the evidentiary hearing was held. (Exh. O.) On September 13, 2010, the state district court entered an order rejecting petitioner's claims of ineffective assistance of counsel and finding that petitioner had freely, voluntarily, and knowingly entered his guilty plea. (Exh. P.) Petitioner's motion to withdraw his guilty plea was also denied. (*Id.*). On September 15, 2010, petitioner filed a motion for reconsideration. (Exh. Q.) On December 4, 2010, the state district court filed its order denying petitioner's motion for reconsideration. (Exh. U.)

Petitioner filed a notice of appeal of the state district court's denial of the post-conviction habeas petition and denial of the motion to vacate sentence. (Exh. S.) Petitioner filed his fast track statement with the Nevada Supreme Court on June 30, 2011. (Exh. X.) On January 12, 2012, the Nevada Supreme Court affirmed the denial of petitioner's post-conviction habeas petition and motion to withdraw his guilty plea. (Exh.

Z.) Petitioner filed a petition for rehearing, which was denied by the Nevada Supreme Court on March 7, 2012. (Exhs. AA & BB.) Remittitur issued on April 3, 2012. (Exh. CC.)

Petitioner, acting in *pro se*, filed his federal habeas petition on April 16, 2012, in this Court. (Dkt. no. 1.) By order filed May 15, 2012, this Court granted petitioner's application to proceed *in forma pauperis*, but denied petitioner's motion for the appointment of counsel. (Dkt. no. 6.) Petitioner sought reconsideration of the Court's denial of counsel. (Dkt. no. 8.) On July 10, 2012, the Court granted petitioner's motion for reconsideration and appointed the Office of the Federal Public Defender to represent petitioner. (Dkt. no. 18.) On August 6, 2012, the Office of the Federal Public Defender filed a notice of conflict, advising the Court that they could not undertake representation of petitioner. (Dkt. no. 30.) Therefore, on August 9, 2012, the Court appointed CJA Panel Attorney Todd M. Leventhal to represent petitioner in this habeas proceeding. (Dkt. no. 31.)

On March 19, 2013, counsel Leventhal filed a motion to withdraw as petitioner's attorney. (Dkt. no. 40.) This Court denied the motion to withdraw, and instead stayed this case to accommodate Leventhal's scheduling conflicts. (Dkt. nos. 42 & 43.) The Court stayed the instant action until August 30, 2013. (*Id.*) On September 27, 2013, counsel for petitioner filed an amended petition along with exhibits. (Dkt. nos. 50 & 51.) On October 9, 2013, the Court ordered this action reopened and directed respondents to answer or otherwise respond to the amended petition. (Dkt. no. 52.) Respondents have filed a motion to dismiss the amended petition. (Dkt. no. 55.) Petitioner has opposed the motion to dismiss. (Dkt. no. 60.) Respondents filed a reply. (Dkt. no. 62.)

**II.    DISCUSSION**

    **A.    Exhaustion Standard**

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts. To satisfy the exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case, the Nevada

Supreme Court. *See, e.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc); *Yang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). Fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *See, e.g. Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement ensures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

**B.     Effect of State Court Petition Incorporated by Reference During Appeal**

Petitioner asserts that the claims in his federal petition were raised in his post-conviction habeas petition filed in state district court. Petitioner argues that, on appeal to the Nevada Supreme Court, he submitted a copy of the petition within the appendix to his fast track statement. Petitioner asserts that by presenting his state court petition in the appendix to his fast track statement, he fairly presented the claims in the petition to the Nevada Supreme Court for exhaustion purposes. Petitioner cites to the following cases, arguing that exhaustion is satisfied by including a copy of the state court habeas petition in the appellate appendix: *Insyxiengmay v. Morgan*, 403 F.3d 657 (9th Cir. 2005); *Scott v. Schriro*, 567 F.3d 573 (9th Cir. 2009); *Greenway v. Schriro*, 653 F.3d 790 (9th Cir. 2011). In each of these cases, the petitioner was deemed to have exhausted claims before the state supreme court by incorporating issues presented in a lower court pleading within an appendix to the appellate brief. *Insyxiengmay*, 403 F.3d at 668-69; *Scott*, 567 F.3d at 582; *Greenway*, 653 F.3d at 801-02. In the *Insyxiengmay* case, the State of Washington's appellate rules allowed for appellants to incorporate by reference issues presented in an appendix but not argued in the actual appellate brief.

*Insyxiengmay*, 403 F.3d at 668-69. In the *Scott* and *Greenway* cases, Arizona's appellate rules allowed for incorporation by reference to issues presented in an appendix but not argued in the appellate brief. *Scott*, 567 F.3d at 582 n.8; *Greenway*, 653 F.3d at 801-02. These cases must be distinguished from the instant case, because Nevada's appellate rules do not allow for such a practice. "Parties shall not incorporate by reference briefs or memoranda of law submitted to the district court or refer the Supreme Court to such briefs or memoranda for the arguments on the merits of the appeal." Nev. R. App. P. 28(e)(2). Because incorporation by reference is a procedurally incorrect manner in which to present issues to the Nevada Supreme Court, claims made in the post-conviction habeas petition are not exhausted by their inclusion in the appendix to the fast track statement on appeal. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989) (exhaustion cannot be achieved by a procedurally deficient or improper means).

Moreover, to exhaust a claim, a petitioner must have presented his federal constitutional issue before the highest available state court "within the four corners of his appellate briefing." *Castillo v. McFadden*, 399 F.3d 993, 1000 (9th Cir. 2005). The state's highest court is "not required to comb the trial court's decision to discover [a] federal constitutional issue . . ." nor is it "required to review the parties' trial court pleadings to see if it [can] discover for itself a federal constitutional issue." *Id.* (citing *Baldwin v. Reese*, 541 U.S. 27 (2004)) (declining to require state appellate judges to read lower court state opinions). In this case, petitioner's state post-conviction habeas petition filed in the state district court contained more claims than were presented on appeal, as petitioner presented only selected arguments in his fast track statement to the Nevada Supreme Court. Thus, only those issues "within the four corners" of his state appellate briefing — the fast track statement — were properly presented to the Nevada Supreme Court for exhaustion purposes.

///

///

### C. Grounds One and Two of Federal Amended Petition

In Ground One of the amended petition, petitioner alleges: "Mr. Leavitt's conviction and/or sentence was unconstitutional in that they violate his Sixth Amendment right to effective assistance of counsel based on the fact that trial counsel's performance fell below an objective standard of reasonableness as mandated in *Strickland v. Washington*, 466 U.S. 668 (1984). (Dkt. no. 50, at p. 6.) Petitioner asserts that his trial counsel: (1) failed to properly investigate; (2) advised him to waive his preliminary hearing; (3) failed to pursue a self-defense theory; (4) failed to have both knives tested; (5) failed to correct errors in the pre-sentence report; (6) failed to keep necessary notes, conduct research, and properly document the file; and (7) failed to properly advise petitioner of the full consequences of accepting a plea. Petitioner further alleges that trial counsel was ineffective at sentencing because trial counsel: (1) failed to present favorable character evidence; and (2) failed to obtain a statement from Jarred Blake regarding petitioner's actions in self-defense. (Dkt. no. 50, at pp. 6-14.)

In Ground Two of the amended petition, petitioner alleges ineffective assistance of his post-conviction counsel. Petitioner alleges that his post-conviction counsel was ineffective because: (1) counsel filed his post-conviction petition exactly one year from the date of the conviction; (2) counsel lacked the necessary experience to ensure that he received a full and fair evidentiary hearing on his post-conviction habeas petition; and (3) newly-discovered evidence was not presented at the evidentiary hearing but instead was submitted with petitioner's motion for reconsideration. (Dkt. no. 50, at pp. 16-19.) Petitioner acknowledges in the amended petition that the claims within Ground Two were not presented to the Nevada Supreme Court. (Dkt. no. 50, at p. 19, lines 13-14.)

In the fast track statement filed with the Nevada Supreme Court, petitioner presented two issues on appeal: (1) The district court erred by not allowing Mr. Leavitt to withdraw his guilty plea; and (2) the district court erred by not granting Mr. Leavitt a full and fair evidentiary hearing on the issues in case no. C248756. (Exh. X.) Within the

first issue in the fast track statement, petitioner asserted, *inter alia*, that when "[t]rial counsel heard that Mr. Leavitt had a complete defense to the charged offense, trial counsel should have either asked for a continuance to file the appropriate motion to withdraw the plea or make an oral motion on the record. Once trial counsel became aware of Mr. Leavitt's complete defense to the crime, he should have never allowed Mr. Levitt to plead to the offense." (Exh. X, at p. 9.) Comparing petitioner's ineffective assistance of counsel claims in Grounds One and Two of the amended federal petition with the first issue of the fast track statement, it is clear that petitioner did not present the same issues of ineffective assistance of counsel to the Nevada Supreme Court. Moreover, petitioner alleged that the district court erred in not allowing him to withdraw his guilty plea because the State could not prove the charged offense beyond a reasonable doubt, essentially claiming insufficiency of the evidence, relying on *Jackson v. Virginia*, 443 U.S. 307 (1979). (Exh. X, at pp. 9-11.) Petitioner did not present his ineffective assistance of counsel claims of Grounds One and Two of the federal petition to the Nevada Supreme Court in the first issue of the fast track statement.

Within the second issue of the fast track statement, regarding the claim that the district court erred by not granting petitioner a full and fair evidentiary hearing, petitioner alleged that "the District Court also erred in basing its decision on counsel's effectiveness in this case on the actions taken in another criminal matter." (Exh. X, at p. 11.) Petitioner alleged: "It is unclear why the District Court made the arbitrary decision to limit Mr. Leavitt's evidentiary hearing to ineffective assistance of counsel, and why it relied on the testimony from another proceeding to make such a determination." (Exh. X, at p. 12.) Petitioner asserted that "[t]he District Court abused its discretion by not determining if Mr. Weiner's performance passed the two pronged test laid out in *Strickland*." (Exh. X, at p. 17.) Although petitioner's second issue on appeal involved a claim that the district court failed to properly determine counsel Weiner's effectiveness, the claim made to the Nevada Supreme Court alleged that the district court violated petitioner's due process rights by failing to provide him with a full and fair hearing. (Exh.

X, at pp. 11, 20.) Petitioner's federal ineffective assistance of counsel claims within Grounds One and Two of the federal petition were not presented to the Nevada Supreme Court in his fast track statement. As such, petitioner failed to exhaust Grounds One and Two of the federal amended petition.

### D. Ground Three of the Federal Amended Petition

Petitioner alleges: "Mr. Leavitt's state court conviction and sentence are unconstitutional as they are in violation of the Fourteenth Amendment right to due process of law, based on the fact that the State could not prove any element of the charged offenses beyond a reasonable doubt." (Dkt. no. 50, at p. 20.) Specifically, petitioner alleges that the prosecutor violated the ABA Model Rules of Professional Conduct by charging him with duplicative ("stacked") charges in an attempt to "discredit Mr. Leavitt's character and show that he is an habitual offender, violent, and that he has the propensity to commit the acts alleged in the companion case." (*Id.*) Petitioner alleges that the prosecution knew that petitioner acted in self-defense, and the prosecutor's actions in seeking a guilty plea with this knowledge violated petitioner's due process rights under *Blackledge v. Perry*, 417 U.S. 21 (1974) and *Menna v. New York*, 423 U.S. 61 (1975). (*Id.* at pp. 20-21.) Although petitioner used a related argument to support his state court claim that the district court erred in not allowing him to withdraw his plea agreement, he did not present it as a stand-alone claim in his fast track statement to the Nevada Supreme Court. Accordingly, Ground Three of the federal amended petition is unexhausted.

### E. Dismissal Where Petition Contains No Exhausted Grounds

The federal court must dismiss the petition if all claims are unexhausted. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("This Court has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted state remedies as to any of his federal claims."); *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001 ("Once Rice moved for dismissal, the court was obligated to dismiss immediately as the petition contained no exhausted claims."); accord *Rasberry v.*

*Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust."). In this case, all claims in the federal amended petition are unexhausted, therefore dismissal of the entire amended petition is warranted.

### III. CERTIFICATE OF APPEALABILITY

District courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (quoting *Slack*, 529 U.S. at 484.) In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* In this case, no reasonable jurist would find this Court's dismissal of the petition debatable or wrong. The Court therefore denies petitioner a certificate of appealability.

### IV. CONCLUSION

It is therefore ordered that respondents' motion to dismiss the amended petition (dkt. no. 55) is granted.

It is further ordered that the petition is dismissed without prejudice as unexhausted.

///

It is further ordered that petitioner's *pro se* motion for a status check (dkt. no. 67) is stricken as petitioner has been previously warned not to file *pro se* pleadings and to proceed only through his counsel of record.

It is further ordered that petitioner is denied a certificate of appealability.

It is further ordered that the Clerk of Court shall enter judgment accordingly.

DATED THIS 3rd day of February 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE