UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CODY LEAVITT,<br><br>　　　　　　　　　　Petitioner,<br><br>　　v.<br><br>NEVEN, *et al.*,<br><br>　　　　　　　　　　Respondents. | Case No. 2:12-cv-00625-MMD-NJK<br><br>ORDER |

This closed action is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner represented by counsel. By order filed February 3, 2015, this Court granted respondents' motion to dismiss the amended petition. (Dkt. no. 68.) The Court determined that all claims in the amended petition were unexhausted, thus warranting the dismissal of the amended petition without prejudice. (*Id.* at 8.) The Court also denied petitioner a certificate of appealability. (*Id.* at 8-9.) Judgment was entered on February 3, 2015. (Dkt. no. 69.)

On February 27, 2015, petitioner filed an "emergency motion to withdrawl [sic] appointed counsel." (Dkt. no. 70.) Petitioner then filed an addendum to his emergency motion to withdraw counsel. (Dkt. no. 71.) As an exhibit to his addendum, petitioner submits a letter, dated February 24, 2015, from himself to his counsel, Todd Leventhal, asking that Leventhal withdraw as his counsel in this action. The Court notes that petitioner is mistaken about his contentions, made in his emergency motion to withdraw, that Leventhal failed to adequately represent him in this habeas proceeding. For

example, petitioner states that Leventhal failed to file a response to respondents' motion to dismiss. (Dkt. no. 70 at 1-2.) This allegation is untrue, because on January 14, 2014, Leventhal filed a 36-page response to the motion to dismiss in which he vigorously argued that the claims in the amended petition were exhausted. (Dkt. no. 60.) That this Court ultimately ruled that the grounds of the amended petition are unexhausted is no reflection of failure or lack of effectiveness on Leventhal's part. On April 8, 2015, attorney Todd Leventhal filed a motion to withdraw as petitioner's counsel. (Dkt. no. 78.) Good cause appearing, the Court grants Leventhal's motion to withdraw as petitioner's counsel. Petitioner's "emergency motion" to withdraw counsel is denied as moot.

On March 12, 2015, petitioner filed a motion for reconsideration of this Court's order dismissing the petition, citing generally Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure. (Dkt. no. 72.) On March 24, 2015, petitioner filed a supplement to his motion for reconsideration. (Dkt. no. 74.)

Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).

Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

A motion under Rule 60(b) must be made within a "reasonable time." Fed. R. Civ. P. 60(c)(1).

///

2

Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment." Furthermore, a motion under Rule 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), quoting *McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999). Federal courts have determined that there are four grounds for granting a Rule 59(e) motion: (1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law. *Turner v. Burlington Northern Santa Fe R. Co.*, 338 F.3d 1058 (9th Cir. 2003).

A district court may decline to consider claims and issues that were not raised until a motion for reconsideration. *Hopkins v. Andaya*, 958 F.2d 881, 889 (9th Cir. 1992). It is not an abuse of discretion to refuse to consider new arguments in a reconsideration motion even though "dire consequences" might result. *Schanen v. United States Dept. of Justice*, 762 F.2d 805, 807-08 (9th Cir. 1985). Moreover, motions for reconsideration are not justified on the basis of new evidence which could have been discovered prior to the court's ruling. *Hagerman v. Yukon Energy Corp.*, 839 F.3d 407, 413-14 (8th Cir. 1988); *see also E.E.O.C. v. Foothills Title*, 956 F.2d 277 (10th Cir. 1992). Mere disagreement with an order is an insufficient basis for reconsideration. Nor should reconsideration be used to make new arguments or ask the Court to rethink its analysis. *See N.W. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

In the order filed February 3, 2015, this Court determined that none of the grounds in the amended petition were exhausted. (Dkt. no. 68.) In his motion for reconsideration, petitioner argues that his federal grounds for relief were exhausted in

3

the Nevada courts. Petitioner's arguments simply voice his disagreement with this Court's ruling. Petitioner also asks this Court to stay his petition to allow him to return to state court to exhaust his unexhausted claims. Where a petitioner presents a "mixed" petition, containing both exhausted and unexhausted claims, the court has discretion to grant a stay and abeyance to allow petitioner to return to state court to exhaust his claims. *See Rhines v. Weber*, 544 U.S. 269 (2005). The amended petition in the instant case is not a "mixed petition." As explained in the Court's order of February 3, 2015, the amended petition contains no exhausted grounds and must be dismissed without prejudice. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("This Court has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted state remedies as to any of his federal claims."); *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001 ("Once Rice moved for dismissal, the court was obligated to dismiss immediately as the petition contained no exhausted claims."); *accord Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust."). In compliance with federal law, the Court dismissed the amended petition without prejudice because it contained no exhausted claims. (Dkt. no. 68.)

In his motion for reconsideration, petitioner has not identified any mistake, intervening change in controlling law, or other factor that would require vacating the judgment. Petitioner has not shown that manifest injustice resulted from dismissal of the action without prejudice. Petitioner also has not presented newly discovered or previously unavailable evidence. Petitioner has failed to make an adequate showing under either Rule 59(e) or Rule 60(b) to justify granting his motion for reconsideration.

It is therefore ordered that attorney Todd Leventhal's motion to withdraw as counsel for petitioner (dkt. no. 78) is granted.

///

It is further ordered that the Clerk of Court shall modify the CM/ECF docket to remove Todd Leventhal as petitioner's counsel and to reflect that petitioner Cody Leavitt now proceeds *pro se*.

It is further ordered that petitioner's emergency motion to withdraw counsel (dkt. no. 70) is denied as moot.

It is further ordered that petitioner's motion for reconsideration (dkt. no. 72) is denied. It is further ordered that petitioner's request for a stay and abeyance is denied.

It is further ordered that petitioner's motion for clarification (dkt. no. 76) is denied, as the motion impermissibly seeks advice from the Court.

DATED THIS 25th day of September 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE