UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| CODY LEAVITT, | Case No. 2:12-cv-00625-MMD-NJK |
|---|---|
| Petitioner, | |
| v. | ORDER |
| DWIGHT NEVEN, *et al.*, | |
| Respondents. | |

This *pro se* petition for a writ of habeas corpus comes before the Court on the petitioner's motion to reopen (ECF No. 94), as well as various assorted motions. Respondents have opposed the motion to reopen (ECF No. 97), and petitioner has replied (ECF No. 99).

Petitioner initiated this habeas action — which challenged his conviction for battery with use of a deadly weapon resulting in substantial bodily harm in state court Case No. C248756 — on April 14, 2012. (*See* ECF No. 1 & Exh. E.[1]) On August 9, 2012, the Court appointed Todd Leventhal to represent petitioner, and on September 27, 2013, Leventhal filed an amended petition (ECF No. 50). On February 3, 2015, the Court granted the respondents' motion to dismiss the amended petition after concluding that all grounds in the petition were unexhausted. (ECF No. 68.)

---

[1]Exhibits comprising the state court record are located at ECF Nos. 51, 56, 98 and 111.

On February 20, 2015, petitioner moved to withdraw Leventhal as counsel (ECF No. 70), and on March 12, 2015, petitioner moved for reconsideration of the Court's dismissal order (ECF No. 72). In the motion to reconsider, petitioner asked the Court — among other things — to stay this action while he exhausted his state court remedies. On April 8, 2015, Leventhal also moved to withdraw as counsel. (ECF No. 78.)

On September 15, 2015, the Court granted Leventhal's motion to withdraw and denied petitioner's motion for reconsideration. (ECF No. 79). The Court noted in its order that it could not stay and abey a wholly unexhausted petition. (*Id.*)

Thereafter, petitioner pursued both his direct appellate remedies in this case and a state post-conviction habeas petition, which he filed on November 3, 2015, in Case No. C248756. (*See* ECF Nos. 82 & 85; Exh. DD.) Petitioner moved to reopen the instant case on August 18, 2016, after the Nevada Court of Appeals affirmed the denial of his 2015 petition but while his direct appeal was still pending. (ECF No. 86.) On October 3, 2016, the United States Supreme Court denied petitioner's petition for writ of certiorari. (*See* ECF No. 90.) On March 24, 2017, the Court denied petitioner's motion to reopen on the grounds that it would not reopen this action while petitioner was exhausting his appeal. (ECF No. 92.) On May 10, 2017, petitioner filed the instant motion to reopen. (ECF No. 94.)

The Court concludes that good cause exists to reopen this action pursuant to Federal Rule of Civil Procedure 60(b) now that petitioner has exhausted his appeal. The Court will therefore direct that this action be reopened and respondents will be ordered to answer or otherwise respond to the petition in this case.[2]

---

[2]In opposing the motion to reopen, respondents argue only that petitioner still has not exhausted his claims in state court, as evidenced by the state court petition, which contains virtually no claims within the four corners of the document. (Exh. DD.) Petitioner responds that he exhausted his claims because he attached the amended petition in this action to his 2015 state habeas petition, which included notations that stated "See Habeas." (ECF No. 109; Exh. DD; Exh. QQ.) Respondents assert that the federal amended petition was "left-side-filed," meaning it was loose and thus not attached to the state petition. (ECF No. 111.) The Court does not believe the disagreement should preclude the reopening of this action. Whether petitioner has, in fact, exhausted his claims in his matter is more appropriately addressed in the context of a motion to dismiss.

## I. MOTION FOR APPOINTMENT OF COUNSEL

Petitioner moves for re-appointment of counsel. (ECF No. 100). Respondents have opposed (ECF No. 103), and petitioner has replied (ECF No. 105).

There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), cert. denied, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970).

Petitioner was previously appointed counsel, whom he moved to withdraw when counsel would not file a motion for reconsideration. The operative petition in this action was drafted by counsel, and petitioner has otherwise been able to fairly present his arguments. Accordingly, the Court declines to re-appoint counsel in this matter.

## II. MISCELLANEOUS MOTIONS

Petitioner has also filed several other miscellaneous motions. After duly considering each motion, the Court concludes that petitioner's "Motion to Dismiss Opposition to Re-open" (ECF No. 101), "Motion to Strike and/or Dismiss for Failure to State Claim" (ECF No. 113), and motion seeking respondents' default (ECF No. 115) are without merit and must be denied. Petitioner's motion for leave to file (ECF No. 114) is granted. Petitioner's motions for leave to file supplemental evidence (ECF Nos. 102 & 109) are denied without prejudice.

The Court further finds good cause to grant respondents' motions for late filing (ECF Nos. 110 & 116).

///

///

**III.     CONCLUSION**

In accordance with the foregoing, it is therefore ordered that petitioner's motion to reopen (ECF No. 94) is granted.

It is further ordered that respondents shall have thirty (30) days from the date of this order within which to answer, or otherwise respond to, the petition.

It is further ordered that petitioner shall have thirty (30) days following service of the answer to file and serve a reply brief.  If a dispositive motion is filed, the parties shall brief the motion in accordance with Local Rule 7-2.

It is further ordered that any procedural defenses raised by respondents to the petition shall be raised together in a single consolidated motion to dismiss. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. ' 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under ' 2254(b)(2): (a) they shall do so within the single motion to dismiss not in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under ' 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623 24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, shall be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

It is further ordered that, in any answer filed on the merits, respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that any state court record and related exhibits filed herein by either petitioner or respondents must be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further must be identified by the number or numbers of the exhibits in the attachment. If the exhibits filed will span more than one ECF Number in the record, the first document under each successive ECF

Number must be either another copy of the index, a volume cover page, or some other document serving as a filler, so that each exhibit under the ECF Number thereafter will be listed under an attachment number (i.e., Attachment 1, 2, etc.).

It is further ordered that petitioner's motion for appointment of counsel (ECF No. 100) is denied.

It is further ordered that petitioner's "Motion to Dismiss Opposition to Re-open" (ECF No. 101), "Motion to Strike and/or Dismiss for Failure to State Claim" (ECF No. 113), and motion seeking respondents' default (ECF No. 115) are denied.

It is further ordered that petitioner's motion for leave to file (ECF No. 114) is granted.

It is further that petitioner's motions for leave to file supplemental evidence (ECF Nos. 102 & 109) are denied without prejudice.

It is further ordered that respondents' motions for late filing (ECF Nos. 110 & 116) are granted.

DATED THIS 29th day of January 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE